[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO REOPEN
On October 10, 1995 this court entered a judgment granted the physician plaintiff's motion to quash a subpoena for certain of her patients' medical records. The defendant moves to reopen.
Facts
All of the plaintiff's medical records sought here were compiled between January 1987 and April 1989 inclusive.
Law
 I C.G.S. § 52-1460
The statute allowing confidentiality of physician-patients communication was effective in 1990. PA 90-177. It was not in force at any time when the records in issue were created and the confidential communications made.
The purpose of the act is to encourage full and frank disclosure of any possible ill, ailment or perceived medical problems by the patient to the doctor. That goal cannot possibly be achieved as to any communications made or records kept before 1990. "The legislature in enacting [the act] sought to create a privilege, and in doing so, focused on the communications CT Page 13818 themselves, not when they were sought to be disclosed." State v.Lizotte, 200 Conn. 734, 740 (re C.G.S. § 52-1561 (in regard to "battered women's" communication privilege to counselors). As in Lizotte, to apply our statute to prior communications would be to make the law retroactive.
At the time of the enactment of the act we had no common law physician-patient privilege. State v. Hanna, 150 Conn. 457, 464;State v. Rollinson, 203 Conn. 641, 657-658. There is none today.
II Effect of C.G.S. § 19a-14(a)
The defendant claims that the statute C.G.S. § 19a-14(a), giving it power to investigate in regard to possible violations of health care statutes or regulations by applicants for health care licenses in effect overrules the physician-patient privilege. It clearly does not overrule C.G.S. § 52-146d
through j in regard to the psychiatrist-patient privilege. Liebv. Department of Health Services, 14 Conn. App. 552, 553-554. There is no reason to treat our statute as somehow less important.
III Retroactivity
Our Supreme Court has "consistently expressed reluctance to construe statutes retroactively where the statutes affect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise." State v. Lizotte,
supra 741. This statute makes a substantial change in the law.Sherry H. v. Probate Court, 177 Conn. 93, 101-102. The court can find no legislative intent that this statute be applied retroactively. The court will not apply the statute retroactively.
Judgment is reopened and application to quash subpoena is denied.
O'Neill, J. CT Page 13819